## THE STATE v. THEODORE J. NORWOOD.

Submitted December 3, 1914—Decided March 23, 1915.

1. *Pamph. L.* 1908, *p.* 399, prohibiting the sale of morphine, except upon a physician's prescription, does not include "heroin" as one of the prohibited habit-forming drugs therein specifically referred to.

2. The act being penal in its consequences will not receive a construction which will enlarge its specific scope.

3. Where the defendant denied the sale of the drug, and testified that he had given specific orders to his clerk to sell no habit-forming drugs, and that he was not aware until a recent period that the drug in question was included in that category, a direction of conviction was erroneous.

On error.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN..

For the state, *George T. Vickers* and *Robert S. Hudspeth.*

For the defendant, *McDermott & Enright.*

The opinion of the court was delivered by

MINTURN, J.   The conviction of the defendant was based upon an indictment which charged him with selling morphine; and at the conclusion of the trial the court directed the jury to return a verdict of guilty, from which conviction this writ of error is taken.   The act upon which the indictment is based is a supplement to the Crimes act (*Pamph. L.* 1908, *p.* 399), and reads as follows:

"Any person who shall sell, give away, furnish or dispose of the alkaloid cocaine, or its salt, alpha, or beta eucaine.. or their salts, opium, morphine, codine, chloral or any of the derivatives of chloral, or who shall sell, give away, furnish or dispose of any admixture of cocaine or eucaine or any patent or proprietary remedy containing cocaine or eucaine,

except on the written prescription of a duly licensed and practicing physician, shall be guilty of a misdemeanor."

The defendant is a druggist in Jersey City, and a graduate of a recognized college of pharmacy. The alleged commission of the offence charged in the indictment consisted in the fact that a clerk in the defendant's employ, upon the day mentioned in the indictment, sold a bottle containing one hundred tablets, each tablet containing one-twelfth of a grain of "heroin" to one Courtney.

The clerk when employed had been instructed by defendant not to sell drugs contrary to law. Courtney, it seems, had made prior purchases of the drug at the defendant's store, but the defendant testified that when those sales were made he was not informed that "heroin" was included in the category of habit-forming drugs; and it is inferable from the testimony that the general discovery of that fact has been only of comparatively recent date.

To bring the commission of the offence within the language of the statute the state offered expert testimony to show that "heroin" is in fact morphine. Expert chemists in behalf of the defendant testified that "heroin" and morphine are two distinct drugs, the latter being a very old alkaloid, and the former a comparatively recent derivative of morphine, and that each responds differently to recognized chemical tests.

It was also in evidence that the two drugs respond differently on the human system, and that "heroin" may be used with benefit for throat ailments. We do not deem it necessary to say more in the disposition of the case than that the statute in question does not include in its categorical statement of the inhibited habit-forming drugs, the drug known as "heroin."

If it were known and in existence by name, as a habit-forming drug at the time of the enactment of the prohibiting law, it must be assumed that the legislature purposely excluded it. If it were not known and not in existence at that period, it is equally manifest that the legislature did

not have it in mind for condemnation in its generic designation of habit-forming drugs. The act is penal in its object and consequences, and under 'familiar rules of statutory construction cannot be enlarged by judicial construction to include subjects and cases which upon its face are literally excluded. *Black Interp.* 286; *Lair* v. *Killmer,* 25 *N. J. L.* 527; *Woodruff* v. *State,* 68 *Id.* 89.

But if it were conceded that the language of the act included "heroin" among the derivatives of the drugs therein specifically condemned, the difficulty of sustaining this conviction inheres in the fact that the defendant personally did not sell the drug; that he had given orders to his clerk not to sell habit-forming drugs; and that when he learned that this drug was included in the category of habit-forming drugs he ceased to sell it. This testimony presented an issue of fact, as to the defendant's guilt, which should have been left to the jury to determine.

The judgment of conviction will therefore be reversed.